# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ORLANDO LEBRON, SR.,

            Plaintiff,

        -vs-                           Case No. 13-CV-1336

ARAMARK FOOD COMPANY,
R. CROWE, and UNKNOWN,

            Defendants.

## DECISION AND ORDER

The plaintiff, Orlando LeBron, Sr., filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated when he was a probation detainee at the Brown County Jail. This matter comes before the Court on the plaintiff's motion for leave to proceed *in forma pauperis* and for screening of the plaintiff's complaint.

The plaintiff has been assessed and paid an initial partial filing fee of $2.67. His motion for leave to proceed *in forma pauperis* will be granted.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such

relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

2

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In July 2013, the plaintiff was arrested for a probation violation and booked into the Brown County Jail. During his first week there, he was taken to the hospital twice for abdominal pains and diagnosed with a bowel obstruction and walking pneumonia. The

3

plaintiff had problems with the food that Aramark served to inmates at the Brown County Jail. Upon returning to the Jail, the plaintiff was placed on a special diet due to his medical needs. Although the plaintiff is Muslim, he requested a kosher diet and was informed that only the Health Services Unit (HSU) can approve this diet. The plaintiff contacted the HSU and asked for a kosher diet to replace his regular diet. He began receiving three bag lunches due to his special medical need. A nurse from the HSU asked Aramark's staff if there was a snack that could be given to prevent the loss of weight and to provide a healthy diet to the plaintiff's special needs. Aramark's staff told the HSU that they do not offer a kosher snack, and this information was relayed to the plaintiff by the HSU.

On November 3, 2013, the plaintiff filed a grievance against Aramark for not providing a kosher snack. The food service director responded, "There are no kosher snacks. As you were told when you requested the kosher menu it is your choice, either 3 kosher meals per day, or regular meals with snacks provided as was in the past." (Complaint Exhibits, p. 4, ECF 1-1). The plaintiff appealed, and he was told, "The Jail Doctor removed you from your 3 snacks so this grievance is mute [sic] since you are not receiving snacks. There is no argument for Aramark to provide kosher snacks." *Id.* at p. 5. The plaintiff tried to appeal again, but he was told that jail policy allows for one appeal per grievance.

The plaintiff cites Aramark's ability to serve special meals on Sundays and when ordered by family or friends through a special website. He believes that Aramark has the capability to serve him a kosher snack to comply with his medical needs. The plaintiff

4

suggests that Aramark and its staff have caused him stress and weight loss.

"Most defendants under § 1983 are public employees, but private companies and their employees can also act under color of state law and thus can be sued under § 1983." *Shields v. Illinois Dept. Of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). Accordingly, the Court will consider the plaintiff's claims against the defendants, Aramark Food Company, the food services supervisor at the Brown County Jail, and other unnamed food service employees.

Although the plaintiff used kosher meals to address his dietary needs and mentions that he is a Muslim, he makes no assertion that he wants or needs kosher snacks (or meals, for that matter) to exercise his religion. Therefore, the Court will not consider the plaintiff's claim under the First Amendment or related statutes.

Ultimately, the plaintiff's complaint boils down to the denial of kosher snacks in addition to the three bag meals he received each day. A valid claim of deliberate indifference under the Eighth Amendment has both objective and subjective elements. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a claim an inmate must first allege that he suffered a deprivation sufficiently serious to have denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see Farmer*, 511 U.S. at 834; *Roe v. Elya*, 631 F.3d 843, 857 (7th Cir. 2011). Second, the inmate must allege that the defendants were subjectively aware that their conduct was creating a substantial risk of serious harm. *Farmer*, 511 U.S. at 834, 837; *Roe*, 631 F.3d at 857.

5

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement, including ensuring that inmates receive adequate food. *Farmer*, 511 U.S. at 832; *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). Withholding food from prisoners is a deprivation of a basic need that in some circumstances will satisfy the objective aspect of the *Farmer* test. *See Atkins v. City of Circuit*, 631 F.3d 823, 830 (7th Cir. 2011) ("Depriving a person of food for four days would impose a constitutionally significant hardship."); *Foster v. Runnels*, 554 F.3d 807, 812-13 (9th Cir. 2009) (concluding that first Farmer element was satisfied by allegation that infirm inmate was denied food for three to five days); *Simmons v. Cook*, 154 F.3d 805, 808 (8th Cir. 1998) (concluding that denial of four consecutive meals was a sufficiently serious deprivation).

The plaintiff has not stated a claim that his constitutional rights were violated because the defendants did not offer him kosher snacks in addition to three bag meals per day. Even if the regular diet offered to inmates included snacks in addition to meals, the lack of snacks to supplement the kosher bag meals does not constitute a denial of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. This situation is drastically different from the types of food deprivation that constitute violations of the Eighth Amendment. The plaintiff was given three bag meals per day and does not suggest that he was ever deprived of those meals. Although the plaintiff asserts that he lost weight during the time he was receiving the three bag meals without snacks, that is not enough to salvage his claim. Even if the plaintiff lost some weight, there was no indication that providing him

6

with three bag meals per day was creating a substantial risk of serious harm. *See Farmer*, 511 U.S. at 834, 837; *Roe*, 631 F.3d at 857. The defendants (and the Brown County Jail) provided the plaintiff with three regular meals per day. The plaintiff volunteered the information in the exhibits to his complaint that the jail doctor had removed the plaintiff from a special order requiring three snacks per day. Therefore, there is no indication that snacks were necessary to the plaintiff's health.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. *Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) is **granted**.

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department

of Corrections or his designee shall collect from the plaintiff's prison trust account the $347.33 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of Dodge Correctional Institution and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 6th day of August, 2014.

SO ORDERED,

_Rudolph T. Randa_
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**